UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

CHRISTOPHER B. GOINS,               )
                                    )
          Plaintiff,                )
                                    )
v.                                  )          No.:  3:26-CV-246-TAV-JEM
                                    )
AMBER MANNING, JEFF COFFEY,         )
LT. WARD, and JEFFERSON             )
COUNTY JAIL STAFF,                  )
                                    )
          Defendants.               )

**MEMORANDUM OPINION AND ORDER**

Plaintiff, a prisoner currently housed in the Jefferson County Jail, filed (1) a pro se civil rights action under 42 U.S.C. § 1983 alleging interference with his legal mail [Doc. 2]; (2) a letter, construed as a motion, to be moved to the "Knoxville Jail[,]" for the appointment of counsel, and for a hearing [Doc. 3], and (3) a motion for leave to proceed *in forma pauperis* [Doc. 1].  For the reasons set forth below, the Court will **GRANT** Plaintiff's motion to proceed as a pauper [Doc. 1], **DENY** his construed motion for release and to appoint counsel [Doc. 3], and **DISMISS** this action for failure to state a claim.

I.      **PLAINTIFF'S MOTIONS**

A.      **To Proceed *In Forma Pauperis***

It appears from Plaintiff's motion to proceed *in forma pauperis* [Doc. 1] that he lacks the financial resources to pay the filing fee in advance.  Accordingly, pursuant to 28 U.S.C. § 1915, this motion is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00.  28 U.S.C. §1914(a).  The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S.

District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of his preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred and fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1914(a), 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this Memorandum Opinion and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk is also **DIRECTED** to furnish a copy of this Memorandum and Order to the Court's financial deputy. This Memorandum Opinion and Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

### B. To Transfer, Appoint Counsel, and Schedule Hearing

Plaintiff's construed motion asks the Court to: (1) move him to the "Knoxville Jail[,]" because he believes he will be treated "like trash" after filing this lawsuit, (2) the appointment of counsel, and (3) for a hearing [Doc. 3].

The Court finds Plaintiff's motion lacks merits. First, placement of prisoners is a matter typically left to the discretion of state officials. *See McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990) (holding prisoner housing is a matter squarely within the "broad

2

discretion" of prison officials, "free from judicial intervention" except in extreme circumstances). At this time, there is not sufficient information before the Court to find that Plaintiff's is the extreme case warranting judicial intervention.

Second, pursuant to 28 U.S.C. § 1915(e)(1) "[t]he court *may* request an attorney to represent any person unable to afford counsel." (Emphasis added). However, "[a]ppointment of counsel in a civil case is not a constitutional right[,]" but a "privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F. 2d 601, 605–06 (6th Cir. 1993) (internal citations omitted). In determining whether "exceptional circumstances" exists, the Court considers "the complexity of the case and the ability of the plaintiff to represent himself." *Cavin v. Mich. Dep't of Corr.*, 927 F.3d 455, 461 (6th Cir. 2019) (citing *Lavado*, 992 F.2d 601).

Plaintiff has not identified any basis for his request for counsel, and the Court finds that it appears Plaintiff is capable of adequately representing himself. Further, the Court finds, for the reasons set forth below, that Plaintiff's claims fail to state a § 1983 claim. Therefore, there is no justifiable basis to appoint counsel.

Finally, Plaintiff seeks a hearing as to the allegations in this case. But, as explained below, Plaintiff has failed to state a viable § 1983 claim. Therefore, a hearing is not warranted.

Accordingly, Plaintiff is not entitled to any of the relief sought in his construed motion, and it [Doc. 3] is **DENIED**.

3

## II.    SCREENING OF COMPLAINT

### A.    Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune.  *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).  The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure.  *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).  Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim.  *Twombly*, 550 U.S. at 555, 570.  Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief.  *Iqbal*, 556 U.S. at 681.  However, courts should liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard lawyer-drafted pleadings.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### B.    Plaintiff's Allegations

On April 22, 2026, Plaintiff received a letter from the Campbell County Court that was opened outside of his presence, in violation of the Jail's rules [Doc. 2, p. 4]. The date on the letter is April 15, 2026, so the Jail held the letter for five days before Plaintiff received it [*Id.* at 4, 6]. Plaintiff filed a grievance about this incident on April 23, 2026, but no one at the Jail will "look in to" any wrongdoing [*Id.* at 4].

Aggrieved, Plaintiff filed this action against the Jail staff, including Lieutenant ("Lt."). Amber Manning, Sheriff Jeff Coffey, and Lt. Ward [*Id.* at 3]. Plaintiff does not request any specific relief [*Id.* at 5].

### C.    Analysis

To state a claim against a defendant for relief under 42 U.S.C. § 1983, a plaintiff must establish that a "person" acting "under color of" state law deprived him of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983.

As a preliminary matter, the Court finds Plaintiff's complaint fails to comport with general pleading rules, because it does not contain "a demand for the relief sought[.]" Fed. R. Civ. P. 8(a)(3). The Court need not permit Plaintiff an opportunity to amend his complaint to include his requested relief, however, because his allegations fail to state a viable claim for relief.

Plaintiff complains that a piece of legal mail was opened outside of his presence, in violation of the Jail's rules. But violation of the Jail's rules does not support a constitutional claim. *See Rimmer-Bey v. Brown*, 62 F.3d 789, 790–91 (6th Cir. 1995)

5

(stating that mandatory language in prison regulations does not create a liberty interest protected by the due process clause).

However, these same allegations also implicate Plaintiff's First Amendment rights. Prisoners have a First Amendment right to send and receive mail, subject to reasonable limitations for "legitimate penological objectives." *Sallier v. Brooks*, 343 F.3d 868, 873–74 (6th Cir. 2003). But recognizing the need to balance the prison's needs for security and safety against the prisoner's countervailing legal rights, prison officials can open "legal mail" and inspect it for contraband in the prisoner's presence, *Wolff v. McDonnell*, 418 U.S. 539, 576–77 (1974), "if such a request" to be present "has been made by the prisoner[.]" *Sallier*, 343 F.3d at 874. Generally, to be considered constitutionally protected legal mail, such mail must be "properly and clearly marked" as such. *Kensu v. Haigh*, 87 F.3d 172, 174 (6th Cir. 1996).

Here, the Court presumes that the envelope bearing Plaintiff's legal mail indicated that it was from the Campbell County Court, and as such, would have clearly indicated that it was protected mail. But to "state a claim of constitutional proportions," a prisoner must "allege routine opening or interference with his mail." *Barnes v. Daviess Cnty. Gov't*, No. 4:22-CV-P107, 2022 WL 17475783, at *4 (W.D. Ky. Dec. 6, 2022) (citing *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003)); *see also Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003) ("[A] random and isolated incident [of mail interference] is insufficient to establish a constitutional violation."); *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990) (finding that even though defendants "admitted to opening one piece of [the plaintiff's] constitutionally protected legal mail by accident[,] [s]uch an isolated incident, without any evidence of improper motive or resulting interference with [the plaintiff's]

6

right to counsel or to access to the courts, does not give rise to a constitutional violation"). Here, Plaintiff has alleged only once instance where a document marked as legal mail was opened outside of his presence, which is insufficient to establish a violation of his First Amendment rights. *See*, *e.g.*, *Barnes*, 2022 WL 17475783, at *4. And Plaintiff has not alleged any facts indicating that the opening of this correspondence—or any delay between when it was sent and when it was received—interfered with any of his concomitant rights (such as the right to counsel or access to the court), so as to implicate any other constitutional claims. Accordingly, Plaintiff's complaint will be **DISMISSED** for failure to state a claim.

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to mail a copy of this Memorandum Opinion and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

5. Plaintiff's construed motion [Doc. 3] is **DENIED**;

6. Even with liberal construction, Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983, and this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A; and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

AN APPROPRIATE JUDGMENT ORDER WILL ENTER.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

8